UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                                                         PLAINTIFF

v.                                              No. 5:19-CV-05134

ACE POOLS, LLC and TRACY WELCHEL                                         DEFENDANTS

**ORDER**

The Court directs Defendants Ace Pools, LLC and Tracy Welchel to supplement the jurisdictional allegations in their notice of removal.

Whether the Court has subject matter jurisdiction may be raised sua sponte and at any time. Fed. R. Civ. P. 12(h)(3). It is prudent and efficient to address jurisdictional concerns as soon as possible to avoid surprises after the parties and the Court have expended time and resources in litigation. *See, e.g.*, *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (chastising district court for incorrectly and "summarily announc[ing]" that diversity of citizenship existed based on flawed jurisdictional allegations by the parties); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (lamenting that "[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money," noting that failure to ensure jurisdiction exists "has the potential, realized here, to waste time (including that of put-upon jurors) and run up legal fees," remanding, and directing counsel for parties invoking jurisdiction to perform remaining legal services without charging additional fees to clients). The jurisdictional allegations in this case are insufficient to demonstrate the Court has subject matter jurisdiction.

The Court's jurisdiction is premised on 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties. Neither the complaint nor the notice of removal

1

sufficiently allege the citizenship of the Plaintiff Elite Aviation Service, LLC, Defendant Ace Pools, LLC, or Defendant Tracy Welchel.

The complaint alleges that "Elite is an Arkansas corporation having its principal place of business" in Springdale, Arkansas. (Doc. 3, p. 1). Defendants assert in their notice of removal that "Plaintiff's Complaint alleges it is a resident of Washington County, Arkansas . . . ." (Doc. 1, ¶ 4). These allegations would be sufficient to plead citizenship if Plaintiff is, in fact, a corporation. However, because Plaintiff's name includes "LLC," the Court has sufficient reason to question whether Plaintiff is a limited liability company and not a corporation as it contends. A basic search on the Arkansas Secretary of State website confirms that "Elite Aviation Service, LLC" is registered as a domestic limited liability company.

Likewise, the complaint alleges that "Defendant Ace, is an Oklahoma limited liability company with its principal place of business located at 12177 Griffin Lane, Choctaw, Oklahoma 73020 . . . ." (Doc. 3, p. 1). Defendants' notice of removal only reiterates that Ace Pools, LLC is an Oklahoma limited liability company. These allegations would be sufficient to plead citizenship if Ace Pools, LLC was a corporation. However, a basic search on the Oklahoma Secretary of State website confirms that "Ace Pools, LLC" is registered as an inactive domestic limited liability company.

If Elite and Ace Pools are LLCs, their state of organization and principle place of business are immaterial. For an LLC or other unincorporated entity for diversity purposes, a party must plead the state or states of citizenship of each member. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Citizenship of such entities must be traced "down the various organizational layers where necessary." *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also OnePoint Sols.*, 486 F.3d at 346 (identifying the citizenship of each of the

2

individual corporate members of the LLC plaintiff). Parties cannot confer jurisdiction on a federal court simply by expressing confidence in it. *Barkhorn v. Adlib Assocs., Inc.*, 345 F.2d 173, 174 (9th Cir. 1965) (citing *Burkhardt v. Bates*, 296 F.2d 315 (8th Cir. 1961)). Citizenship of the members must be pleaded with specificity and not in a conclusory fashion. *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568-69 (11th Cir. 1984) (rejecting allegation of citizenship in the negative and remanding case for removing party to "amend its removal petition to state unequivocally" that diversity jurisdiction existed).

Plaintiff alleges in its complaint that Defendant Tracy Welchel is a resident of Oklahoma, rather than a citizen. *See Reece*, 760 F.3d at 777-78 (discussing at length the necessity of alleging citizenship as opposed to residency in order to establish jurisdiction and stating "[b]ecause of [the] ambiguity in word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state"). The state where a person resides is not necessarily that person's domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Rather, citizenship for diversity purposes must be determined by a person's physical presence in a state with his or her intent to remain there indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

Although this is an unusual case where Plaintiff incorrectly identifies its own corporate formation, Defendants, as the removing parties, have the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Absent an alternative basis for jurisdiction, Defendants must properly establish that complete diversity exists among the parties as set forth above. Defendants are advised that diversity of citizenship must have existed at the time the case was filed in state court and at the time Defendants filed their

notice of removal. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). Congress has provided that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. **The Court therefore directs Defendants to supplement their jurisdictional allegations by filing a response to this order or an amended notice of removal by August 2, 2019**, fully addressing the concerns listed above. If Defendants do not know the citizenship of Plaintiff's members, and if Plaintiff does not voluntarily provide the information at Defendants' request, Defendants may seek approval from the Court to engage in jurisdictional discovery.

Failure to comply with this order will result in remand of this action to state court for lack of subject matter jurisdiction.

IT IS SO ORDERED this 22nd day of July, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE