UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                    PLAINTIFF/COUNTER-DEFENDANT

v.                                    No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL                                   DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court is Plaintiffs' renewed motion (Doc. 81) in limine to exclude Defendants' expert witness, Jason Zilberbrand, and brief in support (Doc. 82). Defendants filed a response (Doc. 91) and brief in opposition (Doc. 91). For the reasons set forth below, the motion will be denied.

Rule 702 of the Federal Rules of Evidence states "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . ." Fed. R. Evid. 702. "Rule 702 does not rank academic training over demonstrated practical experience." *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (citing *United States v. Roach*, 644 F.3d 763, 764 (8th Cir. 2011)). "[F]or an expert to be qualified based on experience, that experience must bear a close relationship to the expert's opinion." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009) (citation omitted). The Court must determine if the testimony is reliable and relevant, and

> [t]o satisfy the reliability requirement, the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid. To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue.

*Thomas v. FCA US LLC*, 242 F. Supp. 3d 819, 822-23 (8th Cir. 2017) (citations and quotations omitted). "Rule 702 has been characterized as one of admissibility rather than exclusion . . . [and]

1

rejection of expert testimony is the exception rather than the rule." *Id.* "The primary concern of Rule 702 is the underlying principles and methodology utilized by the expert, rather than the expert's conclusions." *Id.* at 823 (citing *Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012)).

"Generally, the 'factual basis of an expert opinion goes to credibility of the testimony, not admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *David E. Watson*, 668 F.3d at 1014 (quoting *Neb. Plastics Inc. v. Holland Colors Ams., Inc.*, 408 F.3d 410, 416 (8th Cir. 2005)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Thomas*, 242 F. Supp. 3d at 824 (citation omitted). "When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself . . . [therefore], we relax *Daubert's* application for bench trials." *David E. Watson*, 668 F.3d at 1015 (citing *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) (quotations omitted)).

Mr. Zilberbrand's proffered opinion is on the appraisal value of the aircraft, a 1985 Cessna 182 tail number N9493X (the "Aircraft"), at the center of the litigation. Elite argues Mr. Zilberbrand is not qualified to act as an expert because he has no formal education, nor does he have experience with single-propeller aircraft. For the past 26 years, Mr. Zilberbrand has worked in various aspects of the aircraft industry, including aircraft appraisals. From 1994-2004, Mr. Zilberbrand was the vice president of sales at Jet Support Services, Inc., which performed maintenance on turbine-powered aircraft. From 2004-2014, Mr. Zilberbrand was president of The Jet Collection, an airplane brokerage firm. From 2014-2018 Mr. Zilberbrand was the president of Aurum Jets where he brokered pre-owned aircraft sales. Currently, Mr. Zilberbrand is the President and CTO of VREF Aircraft Value Reference & Appraisal Service ("VREF"). At VREF,

2

Mr. Zilberbrand is responsible for performing aircraft appraisals. Additionally, Mr. Zilberbrand is a Senior Certified Aircraft Appraiser with the National Association of Aircraft Appraisers and holds an Accredited Senior Appraiser certification from the American Society of Appraisers. It is apparent from his experience that he is familiar with market considerations affecting the cost of turbine-engine aircraft, and nothing in the record indicates that any differences in the propellor-driven aircraft market are substantive. Defendants have shown by a preponderance of the evidence that Mr. Zilberbrand has such experience in aircraft and aircraft appraisals to render him qualified to give an expert opinion on the value of the Aircraft.

Elite also argues Mr. Zilberbrand's methodology is invalid. The report states Mr. Zilberbrand used the sales comparison or market approach to determine the fair market value of the Aircraft. The market approach examines the selling price of similar aircrafts and adjusts the price as needed to reflect distinguishing features of the aircraft being appraised. Using the market approach, Mr. Zilberbrand gave the Aircraft a baseline value of $160,000 based on the selling prices of similar Cessna 182s, then increased the baseline value because of certain upgrades the Aircraft had gone through. Based on those upgrades and the baseline value, Mr. Zilberbrand gave the Aircraft a fair market value of $349,150.29 prior to the work performed by Elite. However, due to the damage to the Aircraft allegedly caused by Elite, Mr. Zilberbrand's report reduced the Aircraft's value to $0. His testimony explained his opinion that the Aircraft has no value because the Aircraft is not airworthy and a full restoration is required to return the Aircraft to service. The Court finds the market approach used by Mr. Zilberbrand is a valid methodology.

Elite further argues Mr. Zilberbrand's opinions are not relevant because they are not properly applied to the facts. Although Mr. Zilberbrand did not personally inspect the Aircraft, his testimony and report demonstrate he examined photographs, parts of the logbook, and

interviewed persons with knowledge of the plane.  Although Elite argues Mr. Zilberbrand's did not accurately apply all the facts, Elite can attack Mr. Zilberbrand's application through cross-examination at trial.  *See Thomas*, 242 F. Supp. 3d at 824 (explaining cross-examination is an appropriate way of attacking "shaky" evidence).  At the gatekeeping stage, the Court finds Mr. Zilberbrand has adequately applied the methodology to the facts.  Plaintiff may pursue this argument at trial.

Finally, Elite argues Mr. Zilberbrand's testimony should be excluded because he failed to submit a Rule 26 compliant report.  Federal Rules of Civil Procedure Rule 26(a)(2) requires an expert report to be disclosed and the report must contain

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  The purpose of the report requirements is to allow the opposing party to attack the expert's credibility and opinion.  If a party fails to disclose information required by Rule 26(a), the party is not allowed to use that information at trial unless the failure is substantially justified or harmless or, instead, the court may impose other appropriate sanctions.  Fed. R. Civ. P. 37(c)(1).  Although Mr. Zilberbrand's report did not contain all of the Rule 26(a)(2)(B) requirements, the Court will allow the information at trial, but will keep Defendants' failure to submit a Rule 26 compliant report in mind pursuant to Fed. R. Civ. P. 37(c)(1)(C).

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 81) is DENIED.  Plaintiff may renew the motion arguing Mr. Zilberbrand has not reliably applied the principles and methods to the facts of the case, under Federal Rules of Evidence Rule 702(d) at trial.

IT IS SO ORDERED this 14th day of September, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE