UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                                PLAINTIFF/COUNTER-DEFENDANT

v.                                      No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL                                              DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court are Counter-Defendants Elite Avionics Service, Inc. ("Elite Inc.") and Northwest Arkansas Avionics, Inc.'s ("NWAA") motion (Doc. 73) for summary judgment, statement of facts (Doc. 74), and brief in support (Doc. 75). Defendants Ace Pools, LLC and Tracy Welchel filed a response in opposition (Doc. 84), statement of facts (Doc. 85), and brief in opposition (Doc. 86). Plaintiff Elite Aviation Service, LLC ("Elite LLC") also filed a motion (Doc. 76) for summary judgment on Defendants' counterclaims, statement of facts (Doc. 77), and brief in support (Doc. 78). Defendants filed a response (Doc. 87), statement of facts (Doc. 88), and brief in opposition (Doc. 89) to Elite LLC's motion. For the reasons set forth below, Elite Inc. and NWAA's motion (Doc. 73) will be GRANTED. Plaintiff Elite LLC's motion (Doc. 76) will be GRANTED IN PART and DENIED IN PART.

**I.   Background**

This action arises out an avionics upgrade made to Defendants' 1985 Cesena 182 aircraft (the "Aircraft") by Elite LLC. Although Defendants are referred to collectively throughout this opinion, Ace Pools is the owner of the Aircraft and Mr. Welchel is the owner of Ace Pools. After Ace Pools purchased the Aircraft, Mr. Welchel took the Aircraft to Elite LLC in September of 2018 for an avionics upgrade. He believed the upgrades would be complete sometime in November of 2018. However, the upgrades were not complete within the time Mr. Welchel

originally expected. On April 2, 2019, when the upgrade was still not completed Mr. Welchel travelled to Elite LLC claiming he was taking the Aircraft for a test flight. Instead of taking a test flight and returning the Aircraft to Elite LLC, Mr. Welchel flew the Aircraft to Oklahoma City. When it learned Mr. Welchel would not be returning with the Aircraft, Elite LLC then sent Defendants a bill for the work performed. Mr. Welchel refused to make payment claiming Elite LLC's work was deficient and caused the Aircraft to not be airworthy. After a complaint by Mr. Welchel, the Federal Aviation Administration ("FAA") opened an investigation regarding Elite LLC's work and on May 8, 2020, the FAA issued an emergency order revoking Elite's repair station certificate.

Plaintiff Elite LLC initiated this action in the Circuit Court of Washington County, Arkansas against Defendants. Elite LLC asserted breach of contract and conversion claims against Defendants. Defendants removed the action to this Court on July 18, 2019 and asserted counterclaims against Elite LLC for negligence, breach of contract, fraud, and violations of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, et seq. On January 16, 2020, Defendants filed a motion to join Elite Inc. and NWAA as counter-defendants. The motion alleged the two entities were integrated and intertwined with Elite LLC and had an active role in the maintenance of the aircraft. The Court granted the motion and Elite Inc. and NWAA were added as counter-defendants

All three entities (Elite Inc., Elite LLC, and NWAA) are currently in good standing and are organized under the laws of the state of Arkansas. Elite Inc. operates as the "corporate umbrella" and NWAA and Elite LLC are under the direction of Elite Inc. (Doc. 73-1, p. 22, ¶¶ 9-18). NWAA was formed in 1998, Elite, Inc. was formed in 2016, and Elite LLC was formed in 2015. Elite Inc's officers are Arnold Lorene Hollingsworth, Arnold Lemuel Hollingsworth, and Lorene

Kennon Hollingsworth. Arnold L. Hollingsworth is also the organizer for Elite LLC.[1] Lorene Hollingsworth and Arnold Hollingsworth are the officers for NWAA. Arnold Hollingsworth purchased NWAA in the 1990s. Prior to Hollingsworth's purchase, NWAA was a repair station with locations in Fort Smith and Mena, Arkansas. The Fort Smith and Mena repair stations were closed shortly after Mr. Hollingworth's purchase. According to Mr. Hollingsworth, Elite LLC is the only entity repairing aircraft in the corporate family. Elite LLC also is the entity that invoices customers and receives payments. Although Elite LLC was the entity working on aircraft, NWAA maintained a customer account with Garmin. According to Ms. Kellye Beavers, the Director of Administration for Elite, Elite LLC was authorized to order Garmin products through the NWAA account, and NWAA did not repair aircraft.

## II.    Legal Standard

On a motion for summary judgment, the burden is on the moving party to show that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Once the movant has met its burden, the nonmovant must present specific facts showing a genuine dispute of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order for there to be a genuine dispute of material fact, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

---

[1] It is not clear from the record if Arnold L. Hollingsworth refers to Arnold Lorene Hollingsworth or Arnold Lemuel Hollingsworth. (Doc. 73-4).

### III. Analysis

#### A. Elite Inc. and NWAA's Motion for Summary Judgment

Elite Inc. and NWAA's motion for summary judgment argues the three counter-defendants are distinct legal entities and Defendants have "made no allegations specific to either" Elite Inc. or NWAA. (Doc. 75, p. 5). "All corporations, regardless of the fact that the holders of stock and the officers of the corporation are identical, are separate and distinct legal entities; and it follows that, in the absence of facts on which liability can be predicated, one such corporation is not liable for the debts of another." *Larco, Inc. v. Strebeck*, 379 S.W.3d 16, 21 (Ark. App. 2010) (citing *K.C. Props. of Nw. Ark., Inc. v. Lowell Inv. Partners, LLC*, 280 S.W.3d 1 (Ark. 2008)). "The facts . . . that two corporations have intimate business relations do not prove that the two corporations are in fact one and the same." *Id.* A corporation is separate and distinct from other corporations with which the corporation may be connected. *Id.*

Defendants' amended answer and counterclaim does not make specific allegations against NWAA and Elite Inc.[2] At no point have Defendants alleged individual actions by NWAA or Elite, Inc. The record demonstrates Elite LLC was the only entity repairing aircrafts. All invoices sent to Mr. Welchel were from Elite Aviation Service, LLC (Doc. 66-10). Further, the mechanics that worked on the Aircraft were employed by Elite LLC. Although the employees' paychecks had NWAA printed on them, the funds for payroll came from Elite LLC's accounts. Defendants argue NWAA was working on the Aircraft because it held the Garmin account. However, Ms. Beavers testified that while NWAA had the Garmin account, NWAA did not use it to order and install airplane parts. Instead, Elite LLC was an authorized user of that account and any order placed

---

[2] The only difference in the amended counterclaim and the original counterclaim is Defendants' addition of Elite Inc. and NWAA. Defendants refer to all three entities collectively as "Plaintiffs" but do not allege facts specific to the added counter-defendants.

through Garmin was done so at the direction of Elite LLC. It is clear that the business entities involved are related, but Defendants have not demonstrated any specific acts or omissions by Elite Inc. or NWAA that would give rise to a cause of action.

Without specific allegations, the only avenue Defendants have to bring claims against Elite Inc. and NWAA is by showing the three entities act as one and piercing the corporate veil. Defendants argue the counter-defendants' corporate structure is a question of fact that remains for trial and that the entities act as one such that it is impossible to distinguish the actions of one entity from the actions of another. (Doc. 86 p. 2). Defendants point to the fact that the FAA repair certificate is actually under Elite Inc.'s name as proof the entities are the same. Although Elite Inc. is the registered entity for the repair certificate, all correspondence from the FAA is directed to Elite LLC and all of the employees work for Elite LLC. Defendants also argue the invoices they received were sent from an email address ending in "eliteavionicsservice.com" which demonstrates the entities were the same. Even though Defendants have demonstrated the three entities were related and there is no dispute that the three entities shared common ownership, Defendants have not cited to evidence sufficient for a reasonable fact finder to find that the entities act as one, and the claims against Elite Inc. and NWAA will be dismissed. *See Larco, Inc.*, 379 S.W.3d at 21 (explaining the party seeking to disregard the corporate entity has the burden of proof).

### B. Elite LLC's Motion for Summary Judgment

#### i. Fraud

The elements of a fraud claim are "(1) a false representation, usually of material fact, (2) knowledge or belief by the defendant that the representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the

5

plaintiff." *Allen v. Allison*, 155 S.W.3d 682, 693 (Ark. 2004). Elite LLC argues there are no genuine disputes of material fact regarding Defendants' fraud claim and the claim must be dismissed. Defendants argue Elite LLC made two misrepresentations and that summary judgment is improper because "Elite has committed fraud." (Doc. 89, p. 10). According to Defendants, Elite LLC represented itself as an FAA Repair Station with skilled technicians in order to induce customers to hire Elite LLC to perform aircraft upgrades and Defendants claim they relied upon this representation in making the decision to use Elite LLC. Defendants also argue Elite LLC falsely represented to Defendants that the Aircraft was safe to fly on April 2, 2019, and the representation was made with the intent to induce Defendants to fly the Aircraft away from Elite LLC so Elite LLC could charge Defendants for work it did not perform. Despite Defendants' allegations, there is no evidence that Elite LLC's actions amount to a false representation actionable as fraud. At the time Elite was working on the Aircraft, it was an FAA Repair Station. Further, even assuming Elite LLC's statement regarding the airworthiness of the Aircraft was false, no reasonable factfinder could find the statement was made with the intent to induce Defendants' reliance in order to charge more for repair work. The Court finds summary judgment in favor of Elite LLC is proper on Defendants' fraud counterclaim.

### ii. Arkansas Deceptive Trade Practices Act

The Arkansas Deceptive Trade Practices Act ("ADTPA") provides a private right of action. Ark. Code Ann. § 4-88-113(f). To prevail on a private action under the ADTPA based on an affirmative misrepresentation, a plaintiff must show that (1) the plaintiff has an actual financial loss; (2) the defendant used a deception, fraud, or false pretense in connection with the sale or advertisement of services; and (3) the defendant's conduct was a proximate cause of the plaintiff's damages. Ark. Code Ann. § 4-88-108; AMI 2902; *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659,

666 (8th Cir. 2009). To prevail on a private action under the ADTPA based on concealment, a plaintiff must show (1) that he has sustained actual financial loss; (2) that defendant concealed, suppressed, or omitted a material fact in connection with the sale or advertisement of goods, services or a charitable solicitation engaged in an unconscionable, false or deceptive act or trade practice; (3) that defendant intended that others rely upon the concealment, suppression, or omission; and (4) that his actual financial loss was proximately caused by his or her reliance on the defendant's conduct. *Id.* Actual financial loss is defined as "an ascertainable amount of money that is equal to the difference between the amount paid by a person for goods or services and the actual market value of the goods or services provided to a person." Ark. Code Ann. 4-88-102(9).

Defendants argue Elite LLC violated the ADTPA because Elite LLC "concealed from [Defendants] that the repairs it performed and offered to perform, were not in accordance with FAA regulations and, in furtherance of its quest for money, allowed ACE to fly a plane that it knew was unsafe and not airworthy." (Doc. 89, p. 10). Defendants also argue Elite LLC misrepresented that the three entities worked as one and were capable of installing avionics equipment, and this misrepresentation is also an ADTPA violation. Despite Defendants' arguments that Elite LLC violated the ADTPA, Defendants have not shown they have suffered actual financial loss. The financial loss Defendants point to is the decrease in value of the Aircraft after Elite LLC performed the avionics upgrade. However, Arkansas case law is clear that private plaintiffs cannot recover under the ADTPA for diminution in value. *See Ramthun v. Bryan Career College-Inc.*, 93 F. Supp. 3d 1011, 1031 (W.D. Ark. 2015) (citing *Yazdinanpour v. Safeblood Techs., Inc.*, 779 F.3d 530, 538 (8th Cir. 2015)). The only damages Defendants can recover for Elite LLC's alleged under the ADTPA is for "actual financial loss"—"the difference between the amount paid by a person for goods or services and the actual market value of the goods or services

provided." Ark. Code Ann. §§ 4-88-102(a), 4-88-113(f)(2). Defendants have offered no evidence of actual financial loss, and Defendants' ADTPA claim must be dismissed.

### iii. Negligence and Breach of Contract

Elite LLC also argues summary judgment is proper on Defendants' claims for negligence and breach of contract. Having reviewed the record in a light most favorable to Defendants, the Court finds questions of material fact remain with respect to Defendants' negligence and breach of contract counterclaims.

## VI. Conclusion

IT IS THEREFORE ORDERED that Elite Inc. and NWAA's motion (Doc. 73) for summary judgment is GRANTED and Defendants' counterclaims against Elite Inc. and NWAA are DISMISSED WITH PREJUDICE. It is further ordered that Elite LLC's motion (Doc. 76) is GRANTED IN PART and DENIED IN PART. Defendants' fraud and ADTPA counterclaims are DISMISSED WITH PREJUDICE. The remaining counterclaims remain pending for trial.

IT IS SO ORDERED this 21st day of September, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE