UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC　　　　　　　　　PLAINTIFF/COUNTER-DEFENDANT

v.　　　　　　　　　　　　No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL　　　　　　　　　　　　DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court is Defendants' motion (Doc. 92) for an expert witness, Jason Zilberbrand, to testify via electronic means. Defendants argue Mr. Zilberbrand will be unable to attend the trial in person because of the COVID-19 pandemic and the risks associated with the pandemic. In the alternative, Defendants request to take an evidentiary deposition of Mr. Zilberbrand. Plaintiff filed a response (Doc. 93). Plaintiff does not object to Mr. Zilberbrand testifying by electronic means but does object to an evidentiary deposition being taken. Plaintiff's response also calls to the Court's attention the potential for low video quality and the concern that an oath administered pursuant to Fed. R. Evid. 603 would not hold any power over Mr. Zilberbrand. Finally, Plaintiff requests that if the Court grants Defendants' motion, Defendants should be required to provide paper copies of exhibits to Mr. Zilberbrand and Plaintiff's counsel.

Federal Rule of Civil Procedure 43(a) provides "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As the parties are aware, we are in the midst of the COVID-19 pandemic and the United States currently has more cases of the virus and more related deaths than any other country. Defendants state Mr. Zilberbrand cannot attend trial because of the family risks associated with COVID-19, specifically that his mother currently has cancer and is undergoing chemotherapy. Per the Centers for Disease Control people with cancer

are at an increased risk of severe illness from COVID-19.[1]  Given the unprecedented circumstances of the pandemic and the need for preventative measures, and because this is a bench trial and the witness is an expert witness, the Court finds good cause exists for Mr. Zilberbrand to testify via electronic means.  Because Mr. Zilberbrand is allowed to testify via electronic means, the alternative deposition issue is moot.

Plaintiff argues that any oath administered to Mr. Zilberband pursuant to Rule 603 of the Federal Rules of Evidence would not impress upon Mr. Zilberbrand the duty to truthfully testify. The Court has been conducting criminal hearings via Zoom videoconference for several months and has administered oaths to defendants.  The oath given during those hearings, and the oath the Court will give to Mr. Zilberbrand, has been the same as it would be for in-person hearings and the Court has found this form does "impress [the duty to testify truthfully] on the witness's conscience." Fed. R. Evid. 603.  Further, Plaintiff's concern regarding any potential low video quality is noted, but the Court has found based on its experience with videoconferencing software that when a participant has a strong internet connection and a computer or tablet there are rarely problems regarding video quality.

Plaintiffs also requests the Court order Defendants to provide paper copies of exhibits to Mr. Zilberbrand and Plaintiff's counsel that they may use with Mr. Zilberbrand in advance of the trial.  This request will be granted.  Defendants are ordered to provide electronic and paper copies of exhibits they may use with Mr. Zilberbrand in order to facilitate examination of Mr. Zilberbrand via videoconference.

---

[1] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Sept. 11, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 22, 2020).

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 92) for Jason Zilberbrand to testify via electronic means is GRANTED.  The Court will provide videoconferencing information closer to the trial date.  Defendants are ordered to provide electronic and paper copies of exhibits they may use with Mr. Zilberbrand to Plaintiff's counsel and Mr. Zilberbrand ahead of trial.

IT IS SO ORDERED this 22nd day of September, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE