UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                                         PLAINTIFF/COUNTER-DEFENDANT

v.                                                  No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL                                                    DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court are Plaintiff's motion (Doc. 99) in limine and motion (Doc. 100) to exclude deposition designation excerpts. Defendants filed a response (Doc. 102) to the motion in limine and a response (Doc. 104) to the motion to exclude deposition designations. Defendants also filed a motion in limine (Doc. 101) to which Plaintiff filed a response (Doc. 107). The motions (Docs. 99, 100, 101) will be DENIED.

"In a nonjury case, the trial court is presumed to consider only the competent evidence and to disregard all evidence that is incompetent." *Moss v. Outlook Neb., Inc.*, No. 8:11CV19, 2013 WL 1352042, at *1, *2 (D. Neb. 2013) (citing *Taylor v. Taylor*, 211 F.2d 794, 797 (8th Cir. 1954)). When the court is the fact-finder, the better course is to "hear the testimony, and continue to sustain objections where appropriate." *Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985).[1] "Some evidence 'cannot be evaluated accurately or sufficiently by the trial judge' in the procedural environment of a ruling on a motion in limine." *Moss*, 2013 WL 1352042 at *2 (quoting *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 439 (8th Cir. 1997)). On some of the issues raised in the motions, there is no apparent dispute, and so no ruling is necessary. With

---

[1] At least one court has found that in a bench trial "any motion in limine [is] asinine on its face." *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001). However, this Court views motions in limine as an important tool applicable in both bench and jury trials.

respect to most of the evidentiary issues, the motions attempt to eliminate the need for objections at trial but do not give the Court the specific context needed to rule. Neither the parties nor the Court can be expected to know with certainty what evidence, testimony, or argument will be offered at trial. When evidentiary issues are almost entirely speculative, an order in limine on admissibility amounts to little more than an order directing the parties to abide by the Federal Rules of Evidence. The motions do little to explain the expected proffered testimony or evidence, and so the evidentiary issues are currently speculative. The Court begins each trial with the expectation that the parties will try their case in accordance with the Rules, and absent a properly-supported need to enter a "follow the Rules" order, will refrain from doing so. The parties may raise objections as necessary at trial, and the Court will consider issues raised at that time.

Plaintiff's motion to exclude deposition designations will also be denied. Plaintiff argues certain deposition designations of Tony Plant should be excluded because Mr. Plant's deposition refers to a photograph that has not been authenticated and because the testimony contains hearsay statements. Plaintiff also argues portions of John Story's deposition should be excluded because it contains hearsay testimony and because Mr. Story's testimony offers opinions as to what Federal Aviation Administration regulations mean. As with the motions in limine, these issues are speculative at this point and Plaintiff may raise objections as necessary at trial.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 99) in limine and motion (Doc. 100) to exclude deposition designations, and Defendants' motion (Doc. 101) in limine are DENIED.

IT IS SO ORDERED this 24th day of September, 2020.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE