UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                      PLAINTIFF/COUNTER-DEFENDANT

v.                                No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL                                DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court are two motions in limine. Plaintiff Elite Aviation Service, LLC filed a motion (Doc. 119) in limine. Defendants Ace Pools, LLC and Tracy Welchel also filed a motion (Doc. 118) in limine to exclude certain evidence at trial.[1] No responses have been filed, but none are necessary. For the reasons set forth below, the motions will be granted in part and denied in part.

**A.    FAA and NTSB Investigations**

Elite argues Defendants intend to introduce various documents evidencing the FAA and NTSB investigations and findings concerning Elite and these documents should be excluded as inadmissible hearsay for which no exception applies. In 2019, the FAA opened an investigation into Elite's work on Defendant's aircraft. The FAA directed non-FAA employees to perform the inspection on the aircraft and report findings to the FAA. Elite represents the FAA's report "incorporated all reports, photographs, videos, and documentation received" from the non-FAA employees. (Doc. 119, p. 5).

---

[1] This case is currently set for bench trial beginning on June 14, 2021. Originally, trial was set for October 5, 2020, and the parties filed their first motions in limine in September 2020. However, the trial was continued because of the COVID-19 pandemic and was not reset until 2021. The Court entered a previous order (Doc. 108) on the parties' motions in limine. The previous order remains in effect, except to the extent the instant order contradicts any previous findings.

1

Hearsay is "a statement that the declarant does not make while testifying at the current trial or hearing and that a party offers in evidence to prove the truth of the matter asserted in the statement." *United States v. Oliver*, 987 F.3d 794, 800 (8th Cir. 2021) (internal quotations and citation omitted). Hearsay is generally inadmissible unless one of the exceptions applies. *Id.* Here, the Court does not have the ability to determine if every investigation document contains hearsay. *See Moss v. Outlook Neb., Inc.*, No. 8:11CV19, 2013 WL 1352042, at *1, *2 (D. Neb. April 2, 2013) ("Some evidence cannot be evaluated accurately or sufficiently by the trial judge in the procedural environment of a ruling on a motion in limine."). However, to the extent the FAA and NTSB documents contain hearsay, the Court finds the public records exception does not apply and any records containing hearsay will be excluded at trial unless another exception is identified at the time of proffer.

Rule 803 of the Federal Rules of Evidence contains exceptions to the rule against hearsay. Rule 803(8) provides that a record or statement of a public office is not hearsay if

> (A) it sets out:
>     (i) the officer's activities;
>     (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
>     (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

If the conclusion is "based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Union Pac. R.R. Co. v. Kirby Inland Marine, Inc. of Miss.*, 296 F.3d 671, 679 (8th Cir. 2002) (citation omitted). Factors the Court looks to determine trustworthiness under subsection (B) include (1) the timeliness of the investigation; (2) the special skill or experience of the investigator; (3) whether a hearing was held

and the level at which it was conducted; and (4) any possible motivation problems in the preparation of the report. *United States v. Boeing Co.*, 825 F.3d 1138, 1146 (10th Cir. 2016); Fed. R. Evid. 803(8) advisory committee's note to 1972 proposed rules.

Elite argues the reports are untrustworthy because of the untimely nature of the investigation, the absence of a hearing, and the fact that the FAA deferred to Defendants' hired mechanics to conduct the investigation. The non-FAA employee who investigated the aircraft was Brady Terry. Terry, the manager of Elite's main competitor Wings Aviation, was hired by Defendant Tracy Welchel to examine the aircraft and help with the FAA process. Terry also helped Defendants find their present counsel and stated in an email that he would "do whatever is necessary to prove [Elite] introduced all structural damages" to the aircraft. (Doc. 119-1). Further, the FAA never interviewed any Elite employees and revoked Elite's repair station certification without any type of hearing. Accordingly, the Court finds that the factors weigh against a finding of trustworthiness.

**B.     Prior Felony Conviction**

Defendants argue Elite should be prohibited from using Mr. Welchel's prior felony conviction. Under Federal Rule of Evidence 609, evidence of a witness's prior criminal conviction offered for the purpose of attacking the witness's character for truthfulness (1) shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year and (2) shall be admitted regardless of the potential penalty if the crime's elements required providing a dishonest act or false statement. For convictions older than 10 years, "the conviction is admissible only if (1) its probative value substantially outweighs its prejudicial effect; and (2) the proponent gives the adverse party written notice of the intent to use the conviction." *United States v. Stoltz*, 683 F.3d 934, 938-38 (8th Cir. 2012) (internal quotations and citation omitted).

"Rule 609(b) effectively establishes a rebuttable presumption against the admissibility of prior convictions more than ten years old . . . [and] such stale convictions should 'be admitted very rarely and only in exceptional circumstances.'" *Id.* (citing *United States v. Felix*, 867 F.2d 1068, 1073 (8th Cir. 1989)).

Mr. Welchel was convicted in the late 90's for assault and battery. Not only is his conviction more than ten years old, it is not a crime that typically includes an element of a dishonest act or false statement. Further, Elite did not learn of Mr. Welchel's conviction until after Mr. Welchel took the aircraft back from Elite and the Court can think of no exceptional circumstances that would apply here to give that crime any probative value. Because of the age of Mr. Welchel's prior conviction, the type of conviction, and the nature of this case, no exceptional circumstances exist and evidence of the conviction is likely to be excluded under Rule 609(b).

**C.      Remaining Evidentiary Issues**

The remainder of the evidentiary issues the parties raise in their motions do not give the Court the specific context needed to rule. Neither the parties nor the Court can be expected to know with certainty what evidence, testimony, or argument will be offered at trial. When evidentiary issues are almost entirely speculative, an order in limine on admissibility amounts to little more than an order directing the parties to abide by the Federal Rules of Evidence. The motions do little to explain the expected proffered testimony or evidence, and so the evidentiary issues are currently speculative. The Court begins each trial with the expectation that the parties will try their case in accordance with the Rules, and absent a properly-supported need to enter a "follow the Rules" order, will refrain from doing so. The parties may raise objections as necessary at trial, and the Court will consider issues raised at that time.

IT IS THEREFORE ORDERED that Elite's motion (Doc. 119) in limine and Defendants' motion (Doc. 118) in limine are GRANTED IN PART and DENIED IN PART as stated herein.

IT IS SO ORDERED this 2nd day of June, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE