UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELITE AVIATION SERVICE, LLC                              PLAINTIFF/COUNTER-DEFENDANT

v.                                              No. 5:19-CV-05134

ACE POOLS, LLC and
TRACY WELCHEL                                            DEFENDANTS/COUNTER-PLAINTIFFS

**OPINION AND ORDER**

Before the Court is Counter-Plaintiff Ace Pools, LLC's ("Ace Pools") motion (Doc. 139)

for attorney's fees and costs and brief (Doc. 139-1) in support.  Counter-Defendant Elite Aviation

Service, LLC ("Elite") filed a response (Doc. 140).  The motion will be GRANTED IN PART and

DENIED IN PART.

I.      **Background**

Ace Pools removed this action to this Court on July 18, 2019.  Elite's complaint asserted

claims for breach of contract and conversion against Ace Pools.  After removal, Ace Pools filed a

counterclaim against Elite for negligence, breach of contract, fraud, and violations of the Arkansas

Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101, *et seq*.  On September

21, 2020, the Court granted summary judgment in favor of Elite on Ace Pools' fraud and ADTPA

claims.  A three-day bench trial was held and on August 17, 2021, the Court entered an opinion

and order awarding Ace Pools $13,047.79 in general damages for Elite's breach of contract.

Ace Pools now seeks $147,560 in attorney's fees and $37,614.70 in costs.  In support of

its motion, Ace Pools attached an affidavit by Mr. William Changose (Doc. 139-2) and a billing

records spreadsheet (Doc. 139-3).  The motion states counsel for Ace Pools expended 737.8 hours

at a rate of $200 an hour.  The billing record contains four sets of attorney initials, WJC, JZ, WFG,

and JWK.  Ace Pools did not provide the Court with the names associated with these initials.

1

Based on the notices of appearance entered in this case, the Court assumes WJC represents

"William John Changose," JZ represents "Justin Christopher Zachary," and WFG represents

"William F. Godbold, IV."  No notice of appearance has been entered for an attorney with the

initials JWK, however, Elite's response clarifies JWK is likely Jarred Kibbey, an attorney in Mr.

Changose's law firm.  Despite seeking $147,560 in attorney's fees, Ace Pools' motion makes

conclusory arguments that the fee sought is reasonable without any substantive argument.[1]

## II.    Analysis

### A.    Attorney's Fees

Ark. Code Ann. § 16-22-308 provides in a civil action for breach of contract "the prevailing

party may be allowed a reasonable attorney's fee to be assessed by the court and collected as

costs."  Pursuant to the statute, an award of attorney's fees is discretionary.  *Chrisco v. Sun Indus.,*

*Inc.*, 800 S.W.2d 717, 718 (Ark. 1990).  In determining the amount of attorney's fees, the court

looks to certain factors including

> the experience and ability of the attorney, the time and labor required to perform
> the legal service properly, the amount involved in the case and the results obtained,
> the novelty and difficulty of the issues involved, the fee customarily charged in the
> locality for similar legal services, whether the fee is fixed or contingent, the time
> limitations imposed upon the client or by the circumstances, and the likelihood, if
> apparent to the client, that the acceptance of the particular employment would
> preclude other employment by the lawyer.

*Id.* at 718-19.  "[H]aving a lodestar calculation at hand may not in and of itself provide enough

information" to determine attorney's fees.  *McCabe v. Wal-Mart Assocs., Inc.*, 591 S.W.3d 335,

344-45 (Ark. App. 2019) (citing *Bailiey v. Rahe*, 142 S.W.3d 634 (Ark. 2004); *Conway Com.*

---

[1] The Court notes Ace Pools failed to cite the applicable factors the Court considers in determining the amount of attorney's fees under Arkansas law.  Given the amount in attorney's fees Ace Pools is requesting, the Court would expect a more thorough motion analyzing all relevant factors would have been submitted.

*Warehousing, LLC. V. FedEx Freight E., Inc.*, 381 S.W.3d 94, 100 (Ark. App. 2011)).

### i.      Experience and Ability of Attorney

Ace Pools has provided no information regarding the experience of the billing attorneys in this case, except for Mr. Changose.  Mr. Changose's affidavit states he obtained his law degree in 2015 and began practicing in 2017.  At trial, it was clear to the Court this was one of Mr. Changose's first trials in federal court.  Although Ace Pools did not provide information for Justin Zachary, Mr. Zachary often enters notices of appearance in cases before the undersigned and the Court is more familiar with his experience and ability.  The Court cannot determine the experience and ability of Mr. Godbold or Mr. Kibbey.  The lack of experience by Mr. Changose coupled with the failure of counsel to provide the Court with sufficient information to determine the experience of all billing attorneys leads the Court to find this factor weighs against an award of attorney's fees.

### ii.     Time and Labor Required to Perform Legal Services Properly

Ace Pools expended 737.8 hours on this litigation.  Although Ace Pools asserted claims for fraud, ADTPA violations, and negligence, this case should have been a simple breach of contract case.  The inability of counsel on both sides to manage clients with substantial animosity toward one another contributed to unnecessary motion practice and in turn increased the time required in this case.  However, 737.8 hours appears greater than necessary to perform the legal services properly.  The Court notes Ace Pools billed 11.9 hours from July 15, 2019 to July 19, 2019, to prepare and file a notice of removal, answer and counterclaim, and state court notice. Despite expending 11.9 hours to remove this case, Ace Pools incorrectly alleged citizenship of both Elite and Ace Pools, and at the Court's direction had to supplement its jurisdictional allegations.  This is only one example of billing excessive time.  The Court will not examine every

3

billing entry in this opinion, but based on the Court's review, this was not a case that necessitated over 700 hours of billing.

### iii.    Amount Involved and Results Obtained

The amount involved and results obtained in this case do not support an attorney's fee award of $147,560.  Elite initially filed its complaint asserting approximately $60,000 in damages, the amount of Ace Pools' unpaid bill.  Ace Pools' counterclaims alleged damages in excess of $900,000—an amount so excessive it bordered on frivolous.  Ace Pools argued that a plane it bought for $129,000 would have been worth $349,150.29 had Elite completed the repairs as necessary.  The only evidence Ace Pools presented to support this valuation was expert witness testimony that at most amounted to a confirmation that an appraiser could approve the valuation Ace Pools gave to the plane if it were sold and a loan was needed to finance the transaction.  Further, Ace Pools increased its damages request by arguing Elite was liable for lost profits and ruination of business plans.  There was no evidence to support Ace Pools' claim for lost profits and Ace Pools should have known following discovery it could not show Elite knew breaching the contract would cause Ace Pools to suffer lost profits or that Elite agreed to be responsible for the lost profits.

### iv.    Novelty and Difficulty of the Issues Involved

This case presented few or no novel or difficult issues.  As the Court has stated repeatedly, this was a simple breach of contract case.  Despite both parties' continued briefing on the Federal Aviation Administration's investigation and numerous irrelevant Federal Aviation Regulations, the substantive issues for trial were if a party breached the contract and whether damages were caused by that breach.

### v.      Fee Customarily Charged in the Locality

Ace Pools' counsel requests an hourly rate of $200.  Elite does not dispute the $200 fee with respect to Mr. Changose and Mr. Zachary, but argues it is impossible to determine the customary fee for Mr. Godbold or Mr. Kibbey.  The Court agrees.   A $200 hourly fee for Mr. Changose and Mr. Zachary is within the range customary in this locality for lead counsel. However, Ace Pools has provided no information regarding Mr. Godbold or Mr. Kibbey's experience or involvement in this case.  Without this information the Court cannot determine if Mr. Godbold or Mr. Kibbey are partners, seasoned associates, or newly licensed attorneys.

### vi.      Fixed or Contingent Fee

Ace Pools presented no evidence of whether its fee arrangement with counsel was fixed or contingent.

### vii.      Time Limitations Imposed Upon Client or By Circumstances

It does not appear there was a stringent time limit imposed on Ace Pools.  Much of the delay in this case was a result of the COVID-19 pandemic.  The aircraft at issue was disassembled and at trial it was revealed that Ace Pools had already purchased another aircraft.  The outcome of this litigation did not seem to the Court to impact the disassembly or reassembly of the aircraft, and Ace Pools did not litigate under any time limitations.  This factor weighs against attorney's fees.

### viii.      Preclude Other Employment by Lawyer

Ace Pools provided no evidence that counsel, by accepting this case, was precluded from accepting other employment. Based on the *Chrisco* factors and the Court's intimate acquaintance with the record and quality of service rendered, Ace Pools' motion for attorneys' fees will be denied.

        **B.**      **Costs**

Ace Pools' also requests $37,614.70 in costs.  "Costs other than attorneys' fees 'shall be allowed as of course to the prevailing party *unless* the court otherwise directs.'"  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) (emphasis added) (citing Fed. R. Civ. P. 54(d)).  Although Rule 54(d) presumes an award of costs to the prevailing party the court has substantial direction.  *Id.*  "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs."  *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).  Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

> (1) Fees of the Clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in this case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The court may also consider the losing party's financial resources in awarding costs.  *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

Ace Pools again has provided the Court with almost no information regarding costs incurred.  The only evidence Ace Pools presents is a rudimentary spreadsheet of costs.  Ace Pools' description of each cost incurred is unclear and it is difficult for the Court to determine which costs are recoverable under 28 U.S.C. § 1920.  Further Ace Pools' motion and brief, as well as Mr. Changose's affidavit, do not present any argument regarding costs other than to say the costs are reasonable and were incurred during litigation.  Elite's response argues costs should be denied because many of Ace Pools' costs are not taxable and Elite has gone out of business as a result of

litigation.  The Court agrees.  Because Ace Pools' taxable cost exhibit is unclear and appears to include many nontaxable expenses and because Elite has gone out of business, Ace Pools' motion for costs will be mostly denied, except that Ace Pools will be awarded $400 in costs, which is the amount of the filing fee.

## III.    Conclusion

IT IS THEREFORE ORDERED that Ace Pools' motion (Doc. 139) for attorney's fees and costs is GRANTED IN PART and DENIED IN PART.  The motion is granted to the extent Ace Pools is awarded $400 in costs.  The motion is otherwise denied.

IT IS SO ORDERED this 22nd day of September, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE